VIRGINIA DE LORENZO, PLAINTIFF-APPELLANT, v. BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, AND M & S KNITWEAR, DEFENDANTS-RESPONDENTS.

Argued January 6, 1969—Decided January 20, 1969.

144

*Mr. Sidney Reitman* argued the cause for appellant (*Mr. Irving Leuchter,* of counsel; *Messrs. Kapelsohn, Lerner, Leuchter and Reitman,* attorneys).

*Mr. Edward A. Kaplan* argued the cause for respondent Board of Review.

The opinion of the court was delivered

PER CURIAM. We granted certification, 52 *N. J.* 165 (1968), to review a judgment of the Appellate Division, 100 *N. J. Super.* 473 (1968), which affirmed judgments of the Appeal Tribunal and of the Board of Review of the Division of Employment Security ordering the employee to return unemployment compensation benefits paid to her.

The employee was ill for a period of time. She did not seek or receive unemployment compensation for the period of her illness. Rather the payments here involved were for an ensuing period during which, she says, she sought to work for her employer but her services were refused. The employer, however, insisted the employee did not seek to return

to her job but rather wanted part-time employment which he could not give her because of the economics involved. In fact she did ultimately resume her work with this employer.

The order for repayment was based upon a determination that the employee was "disqualified" under *N. J. S. A.* 43: 21–5(a) which provides in part that an employee is disqualified "for the week in which he has left work voluntarily without good cause attributable to such work, and for each week thereafter until he has earned in employment * * * at least 4 times his weekly benefit rate * * *."

It is clear that the Deputy resolved against the employee the factual dispute recited above. Specifically, he found that she did not seek to return to work before claiming benefits and on that basis he concluded she voluntarily left her job and was therefore "disqualified" under the section just cited. He found against her also on the separate ground that when she did seek to work again, she restricted her offer to part-time work. Upon that finding he concluded she was not "available" for work and therefore did not meet the eligibility conditions of *N. J. S. A.* 43:21–4. But the Appeal Tribunal, which recited the factual dispute, did not resolve it, and the Board of Review said no more than that it agreed with the Appeal Tribunal. Hence we cannot tell whether the employee was found to be disqualified on the thesis (1) that her becoming ill itself constituted a voluntary quit or (2) that she in fact decided not to return to work. The Appellate Division also recited the conflicting testimony but did not resolve the factual dispute. Thus it is not clear whether the finding of disqualification rested upon the premise that the employee did not seek to return to her job after her illness abated or on the premise that an employee who becomes ill and unable to report to work for that reason thereby voluntarily quits the job.

Before us, counsel for the agency insists that the Board of Review does not take the position that one who becomes ill thereby voluntarily leaves the employment and therefore is disqualified for the post-recovery period even though the

employee seeks to resume his job and is refused work. As we have said, neither the Appeal Tribunal nor the Board of Review made findings of fact upon that disputed subject. We therefore remand the matter to the Board of Review (1) for explicit findings with respect to whether the employee did seek to return to her job and (2) for an explicit statement as to whether it holds (a) that a failure to report for work because of illness (not attributable to the work) is itself a voluntary quit which disqualifies the employee for benefits after recovery even though he seeks to return to the job and is refused work, or (b) that the disqualification arises only upon a finding that the employee in fact decided to terminate the employment. Under the circumstances it would be well to permit the parties to present further proof on the factual issue.

Meanwhile we withhold consideration of the opinion of the Appellate Division. We retain jurisdiction. The parties shall exchange and file supplemental briefs within 30 days after the Board of Review's decision on this remand.

*For remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, HALL and SCHETTINO—5.

*Opposed*—None.